LOTTA J. EDWARDS, Respondent, *v.* MARYLAND MOTOR CAR INSURANCE COMPANY, Appellant.

Second Department, December 28, 1922.

Insurance — automobile theft insurance — action to recover damage to stolen automobile recovered by insurer — diminution in value is recoverable under policy insuring against direct loss or damage from theft — liability not affected by provision making insurer liable for cost of repairs — whether statement of loss was made in time is question for jury — question of fact whether plaintiff refused offer of appraisal — owner not bound to initiate appraisal — error to admit evidence of estimate of value of repairs in absence of proof of need therefor and accuracy of value — declarations by person hired by insurer to estimate on repairs not admissible.

The owner of an automobile may recover under an insurance policy against direct loss or damage by the perils of theft, robbery or pilferage, the diminution in the value of his automobile which was stolen and subsequently recovered by the insurer.

This liability is not cut down by a subsequent provision in the policy making the insurer liable for actual cost of repairs or replacement.

It was a question of fact for the jury whether or not the owner, within sixty days after the theft, rendered the statement of loss required by the policy, and likewise it was a question of fact whether or not the owner refused an offer of appraisal made by the insurer.

It was not the duty of the owner to initiate an appraisal under the policy.

An estimate made by a witness for the owner concerning the value of certain repairs was hearsay and should not have been admitted since the witness did not testify to the need of the repairs covered by the estimate, nor as to the accuracy of the value of the repairs.

It was error to admit, on behalf of the owner, declarations by a person who had no connection with the insurer but who was sometimes engaged to give an opinion as to repairs on automobiles, for such person had no authority to make admissions against the interest of the insurer.

APPEAL by the defendant, Maryland Motor Car Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Nassau on the 29th day of October, 1921, upon the verdict of a jury.

The defendant, by the terms of its policy of insurance, insured the plaintiff " against direct loss or damage caused while this policy is in force, by the perils specifically insured against." The subject of insurance was an automobile owned by plaintiff. The amount of the insurance was $3,700. Among the perils insured against was damage caused by " theft, robbery or pilferage." One of the additional conditions of the policy reads as follows:

" In the event of loss or damage under this policy, this Company shall be liable only for the actual cost of repairing, or, if necessary, replacing the parts damaged or destroyed. It shall be optional

with this Company to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time, on giving notice within thirty days after the receipt of the sworn statement of loss herein required of its intention so to do, but there can be no abandonment to this Company of the property described."

Concededly plaintiff's automobile was stolen in Newark, N. J., on May 17, 1920, and was recovered in Fayetteville, N. C., by the defendant, and by it tendered to plaintiff on June 18, 1920. The evidence supports the finding of the jury in the court below that the stolen car had been driven 2,500 miles while thus out of plaintiff's possession.

*W. Montague Geer, Jr.,* for the appellant.

*Henry L. Maxson,* for the respondent.

PER CURIAM:

On the trial plaintiff claimed, as part of her damages, diminution in the value of the automobile admittedly stolen from her. At the time of the theft it was almost new, it having been run only 1,000 miles. At the time of its recovery it had been considerably damaged and had received 2,500 miles additional usage.

We think diminution in value is damage embraced within the clause of the policy insuring plaintiff " against direct loss or damage " by the perils of " theft, robbery or pilferage."

This liability is not cut down by the subsequent " additional conditions " making defendant liable for actual cost of repairs or replacement. (*Federal Ins. Co.* v. *Hiter,* 164 Ky. 743; L. R. A. [N. S.] 1915E, 575.)

Whether or not plaintiff rendered within sixty days the statement of loss required by the policy was a question of fact for the jury.

It was not the duty of plaintiff to initiate an appraisal under the policy. (*Chainless Cycle Mfg. Co.* v. *Security Ins. Co.,* 169 N. Y. 304.) It was also a question of fact for the jury whether or not plaintiff refused an offer of appraisal made by defendant.

A new trial will, however, have to be directed by reason of errors in the admission of evidence. The estimate made by the witness Guerin concerning the value of certain repairs was admitted over the objection and exception of the defendant. Guerin while on the stand did not testify to the necessity of the repairs covered by the estimate, nor as to the accuracy of the value of the repairs. The estimate was, therefore, mere hearsay as to defendant. So, also, declarations said to have been made by the witness Dixon were testified to by the plaintiff and the witness Cole. Dixon at the time had no connection with defendant. He appears to have

been in an independent business, hired by the defendant and others at various times to give an opinion as to repairs, which the defendant could accept or reject. He had no authority to make any admissions against the interest of defendant.

The judgment should be reversed on the law, and a new trial granted, with costs to abide the event.

BLACKMAR, P. J., RICH, JAYCOX, MANNING and KELBY, JJ., concur.

Judgment reversed on the law, and new trial granted, with costs to abide the event.