15 N.J. Super. 394 (1951)
83 A.2d 470
ANTHONY F. TANCRED AND KATIE W. TANCRED, HIS WIFE, PLAINTIFFS,
v.
WALTER J. BEPPLER AND ELIZABETH BEPPLER, HIS WIFE; ARTHUR J. BLOOMER; HARRY A. GUSS, TRADING AS HARRY A. GUSS COMPANY; WILLIAM M. SCHMIDT AND GEORGE H. SCHMIDT, PARTNERS TRADING AS SCHMIDT BROS. AND JAMES F. KOESTLER, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided September 20, 1951.
*395 Messrs. Conkling, Smith & Towe, attorneys for plaintiffs.
Messrs. Chandless, Weller, Kramer & Frank, attorneys for defendants Beppler.
Messrs. Vander Burgh & Aronsohn, attorneys for defendant Harry A. Guss Company.
GRIMSHAW, J.S.C.
In the summer of 1950 the plaintiffs, being desirous of purchasing a house in Bergen County, sought the aid of the defendant Bloomer, a real estate broker. After several unsuccessful attempts to interest the plaintiffs in various houses, Bloomer suggested that they build a home. Contact was made with the defendant Beppler, a builder. On August 16, 1950, the plaintiffs and Beppler executed a written contract, under the terms of which Beppler agreed that he would, "on or about Nov. 15, 1950 well and sufficiently erect and finish the new Building Located at Ridgewood road in Washington Township, known as Lots 32, 33, 34 Block 4411 and to be purchased from William Kulkens and Anna Kulkens his wife upon the approval of the mortgage committment from Bergen County Title Abstract Co." The consideration to be paid by the plaintiffs was the sum of $10,000.00, payable as follows:

 "Upon signing of this agreemnet .......... $500.00
 Upon Committment approval ............... 1500.00
 When Roof is on .................................. 1700.00
 When studding is enclosed with sheetrock ......... 2700.00
 When house is completed .......................... 2600.00
 _________
 $10000.00"

*396 Plaintiffs paid the deposit of $500 and also an additional $20 which was to cover the expense attendant upon an application for a mortgage. It then developed that the mortgage company would not grant a loan in excess of $7,400, and the parties met again on August 21, at which time a supplement to the original agreement was signed. This supplement, after referring to the original contract, is as follows:
"It is agreed that of the original Price of $10,000.00 there was allowance of $600.00 for a fireplace; it has been agreed by both parties that the said fireplace is not to be built; and the allowance for same will be deducted from the contract Price at the time of closing of Title."
At the same time, plaintiffs were informed that more money would be required for the purchase of the property, and, accordingly, gave to Bloomer, for Beppler, two additional checks in the total amount of $1,680.
On November 1 Beppler took title to the property in his own name. Work was not started on the house until December and it was discontinued in January of 1951. On February 9 Beppler wrote to the plaintiffs as follows:
 "Mr. and Mrs. Anthony Tancred February 9, 1951
 c/o Mr. DePalma
 72 Richmond Street
 Lodi, New Jersey
 Mr. and Mrs. Tancred:
On January 15, 1951 I called Mr. Higier of the Bergen County Title Abstract Co. to inform him that the roof was complete on the Tancred job, and ready for payment.
On January 18, 1951 I called Mr. Higier once again, and was informed that it would be taken care of in a few days.
On January 22, 1951 Mrs. Beppler called and received the same message.
On January 31, 1951 I again called Mr. Higier. He said everything was in order and would be taken care of by Friday, February 2, 1951.
To date I have not received a payment, this matter has been neglected for the last three and a half weeks.
You are hereby notified that unless I receive a payment within three days upon the receipt of this notice you will have defaulted in your contract, which contract provides for a payment upon the completion of the roof.
 Yours very truly,
 WALTER J. BEPPLER."
*397 Upon receipt of the letter from Beppler, plaintiffs went to the mortgage company. There they received information that there were outstanding judgments against Beppler in whose name the title stood, and, as a result, the mortgage loan would not be granted. Plaintiffs immediately consulted counsel and the complaint herein was filed. Plaintiffs seek a rescission of the contract and a lien upon the property for the amount of $2,200 advanced to Beppler.
I am of the opinion that plaintiffs are entitled to the relief sought. There was a breach of the contract by Beppler. The house was not completed within the time specified by the contract and, in fact, has not yet been finished. Further, all parties understood that the money required for the erection of the building was to come from a mortgage loan to be placed on the property by the plaintiffs. Beppler's action in taking title in his own name and then permitting judgments to be taken against him made the consummation of the mortgage transaction impossible. And, finally, Beppler's letter of February 9, 1951, to the plaintiffs, in which he accused them of defaulting on a contract of which he was guilty of a breach, was tantamount to a repudiation by him of his contractual obligations.
Plaintiffs are entitled to have a rescission of the contract. O'Neill v. Supreme Council, American Legion of Honor, 70 N.J.L. 410 (E. & A. 1904). They are also entitled to an equitable lien for $2,200, the amount advanced to Beppler. Rutherford Nat. Bank v. H.R. Bogle & Co., 114 N.J. Eq. 571 (Ch. 1933).
Judgment accordingly.