230 A.2d 867.
RALPH C. MEHAN *vs.* AARON GERSHKOFF *et al.*
JUNE 26, 1967.
PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is an action in assumpsit brought to recover damages for an alleged breach of an oral contract. The case was tried by a justice of the superior court sitting without a jury, and resulted in a decision for the defendants. The plaintiff is now prosecuting an exception to that decision in this court.

It is not disputed that an oral agreement was entered into between plaintiff and the two defendants, but there is a conflict as to what precisely constituted the terms and conditions of that agreement. The record discloses that the parties to this action met several times in 1948 after defendant Dr. Goldberg inquired of defendant Dr. Gershkoff as to his interest in developing a metal structure, a dental implant, so called, to be inserted by surgery into the lower jaw of the human mouth, to which dentures could be attached. After some discussion the two doctors consulted with plaintiff, a laboratory technician. Thereafter the three men agreed to work jointly toward the perfection of the dental implant, so called, with the ultimate purpose of obtaining a patent thereon. There is some testimony that the parties agreed each would share in the profits and expenses equally.

The decision of the trial justice is replete with findings of fact. He found that the parties had entered into an oral agreement to collaborate in the development of the idea and that if they were entitled to patent the device, they would join in applying for a United States patent. He

further found that they agreed that each would pay one third of the anticipated expenses, including fees of patent attorneys and of the Patent Office, and that plaintiff would have the right to lecture and instruct the laboratory technicians in the use of the device and retain the fees therefrom, while defendants would have the right to lecture and instruct the members of the dental profession in the use of the device and retain the fees accumulated therefrom.

The trial justice noted that the case was tried on the theory that the professional lecturing and instruction field would not be invaded by plaintiff and that the area involving technical and laboratory instruction would not be invaded by defendants. These were, as the trial justice found, to be the terms of the oral agreement according to the admissions of all the parties. The trial justice notes also that there was some claim on the part of plaintiff that a provision was made for him to share to the extent of one third in the money received from the use of the device by defendants in their respective professional practices, a claim which was vigorously denied by defendants.

The trial justice found also that in the oral contract no provision was made for a reduction thereof to writing. However, plaintiff some two years after the parties had begun to work together, being concerned about his rights under the agreement, proposed that it be reduced to writing. Pursuant to this objective, he submitted to defendants proposed written agreements. It appears that while defendants were considering his proposition, plaintiff, impatient and angered by their delay, refused to participate any further in the venture. The court found that he specifically refused to perform further under the agreement, particularly to perform certain laboratory work contemplated in the contract with respect to an implant with which defendants were currently attempting to fit a patient. The trial justice found specifically that plaintiff had defaulted on

the contract and had abandoned his rights thereunder and for these reasons denied him any relief.

In summary then, the trial justice found on the conflicting evidence that the parties had entered into an oral agreement to participate mutually in the development of the dental implant; that the expenses of the venture were to be shared equally, including any costs involved in obtaining a patent for the device, if eligible; that this agreement was not breached by defendants when they did not execute the proposed written agreement; and that plaintiff, in refusing to further participate in the development work or to perform laboratory work on dentures being fitted to patients, defaulted on his obligations thereunder and as a matter of law abandoned the contract. It was, as we have noted, for these reasons that the trial justice gave decision to defendants.

It is well settled in this state that when the parties to a civil action submit the case on law and facts to a trial justice sitting without a jury, his finding thereon will be afforded great weight and will not be set aside unless it is clearly wrong. *Shackett* v. *State,* 98 R. I. 298, 201 A.2d 475.

In attempting to persuade us that the trial justice was clearly wrong in reaching the decision that he did, plaintiff contends that the trial justice misconceived the law applicable to the case in that he failed to find that the agreement established a partnership between the parties, requiring good faith in all of the transactions related thereto. He argues further that the obligation of defendants to exercise good faith was breached by them in their failure to prosecute the application for a patent on the device and in failing to inform him of their decision not to prosecute their application for a patent and thus permit him to seek the patent in his own name.

In our opinion, plaintiff demonstrates a misunderstanding of the decision when he argues that the trial justice failed to find that the agreement constituted a partnership

requiring good faith in transactions. It is clear from his rescript that he concluded that whatever the nature of the contract was, partnership or agreement to join in a common venture, good faith was required on the part of all parties thereto. He also found that defendants had acted in good faith in all of their transactions with plaintiff. He stated that defendants had been acting in complete good faith when they decided not to pursue their claim for a patent and in refusing to sign an agreement reducing the original oral contract to writing. Without intending to extend this opinion by further discussion of this point, we would note that the trial justice saw these witnesses testify and had the opportunity to observe their demeanor in so doing, and in such circumstances we cannot say that his conclusion that defendants acted in good faith was clearly wrong.

The short answer, however, to plaintiff's contention lies in the finding of the trial justice that plaintiff had breached and abandoned the contract when, in April of 1950, he refused to perform further under the terms thereof, on the ground that defendants had not complied with his demand that they execute a written agreement in substitution for the oral agreement. As the trial justice found, defendants were under no obligation to reduce the oral contract to writing, no provision therefor being contained in the oral contract. The trial justice in his decision is not clear as to the relationship in point of time between the abandonment of the contract by plaintiff and the decision of defendants not to prosecute further their application for a patent. We are fully persuaded, however, that implicit in the decision is the finding that the latter event followed the abandonment of the contract by plaintiff in point of time and this constitutes a basis upon which defendants could rest their right to rescind the contract. This having been done, plaintiff is without any legal right to enforce the provisions of the contract at this time.

The rule is well stated in *Sheehan* v. *Hepburn*, 37 Del.

Ch. 90, 94, 138 A.2d 810, 812. In that case the court said: "An outright refusal of one party to a contract to perform the contract or its essentials constitutes such a repudiation as to entitle the other contracting party to treat the contract as rescinded * * *." It is our opinion that in the circumstances here, defendants are entitled to have a rescission of the contract based on the default on the part of plaintiff. It is elementary that the refusal of a party to perform under its contract constitutes on his part an abandonment thereof. *Gibula* v. *Sause,* 173 Md. 87, 194 A. 826; *Tancred* v. *Beppler,* 15 N. J. Super. 394, 83 A.2d 470.

There is no merit in the contention that plaintiff on the basis of an implied contract, that is, on a quasi-contract, was entitled to recover a portion of the profits alleged to have been accumulated by defendants as a result of his contribution to the perfection of the dental implant. In the first place, the trial justice dealt with this contention in his rescript and found it to be without merit. We can find no error in the reasoning upon which he based this conclusion.

It is true also in the instant case that the trial justice found that the parties had entered into an express oral agreement concerning the disposition of profits as well as the sharing of expenses. It is well settled that where there is an express contract between the parties referring to a subject matter, there can be no implied contract arising by implication of law governing that same subject matter. *Superior Glass Co.* v. *East Greenwich Savings Fund and Loan Ass'n,* 92 R. I. 409, 169 A.2d 380; *Cochran* v. *Lorraine Mfg. Co.,* 52 R. I. 17, 155 A. 572. Because we take this view, we are constrained to conclude that there was no error in the trial justice's denial of any relief to the plaintiff in the instant case.

The plaintiff's exception is overruled, and the case is re-

mitted to the superior court for entry of judgment on the decision.

*Leonard A. Kamaras,* for plaintiff.

*Edward I. Friedman,* for defendants.