BOLIN, Judge.
This case was consolidated for trial with the case of Nelson, et al v. Hawkins, et al., La.App., 244 So.2d 656, and the background and nature of the litigation have been adequately set forth in the other opinion.
The principal issue presented on appeal in this suit is the correctness of an award for penalties and attorneys’ fees against Employers for arbitrarily refusing to pay *660 collision damage under its policy of insurance covering plaintiff’s car.
The accident happened on February 24, 1969, and Nelson notified a local agent of Employers of his claim on the same day. The following day an adjuster for Employers telephoned Nelson seeking information about the claim. Nelson testified the adjuster seemed very concerned and told him an appraisal would be made of the damages to the automobile, after which further action would be taken. On February 26, 1969, Auto Damage Appraisers, and independent firm operated by Guy Harrell of Shreveport, appraised the damage at $1311.46 and within a few days thereafter Nelson was informed of the result of the appraisal. Nelson, being dissatisfied with the amount, immediately informed adjusters for both Employers and Aetna that he considered the car a total loss and did not desire to have it repaired. This conviction was expressed by Nelson before he had his car examined by any person or firm.
On the same day that the estimate of damages was made by Auto Damage Appraisers, this firm took its estimate to a recognized automobile body repair shop in Shreveport, which checked the appraisal and ascertained the work could be performed for the estimated cost. However, the body repair shop pointed out the possibility of some hidden damages, the cost of which would not exceed $200. Employers offered to pay Nelson $1211.46, which was calculated on the basis of the estimate of $1311.46 less the $100 deductible provided in the policy. At the time of the offer Nelson was advised of the possibility of hidden damages approximating $208 and, further, that if such damages were discovered during repairs Employers would send him a check for the additional amount.
The offer of Employers to pay the claim was substantiated by its letter to Nelson dated March 26, 1969, wherein the check was enclosed. The attorney for Nelson also received two letters from Employers, dated April 25th and June 26, 1969, reaffirming its willingness to pay the claim under the conditions previously outlined.
Nelson caused an estimate of cost of repairs to be made by Ruesch Body Works of Shreveport, which estimate totaled $2093.98, but Employers refused to pay this amount, considering it excessive. Ruesch Body Works repaired Nelson’s car at a total cost of $2149.96. The work was finished by July 4, 1969, and upon Employers’ failure to pay the full amount the present suit was instituted which included a demand for penalties and attorneys’ fees and damages for loss of use.
Prerequisite to the assessment of penalties under Louisiana Revised Statute 22:658 is a finding by the court that the refusal to pay an insurance claim was “arbitrary, capricious, or without probable cause”. We find the actions of Employers in this case reasonable and prudent since the claim was processed immediately and an appraisal was obtained from a reputable independent appraisal firm. Further, this appraisal was checked with a local automobile body shop which agreed with the estimate except for the possibility of some hidden damage. Employers offered to pay the amount reflected on their estimate and to take care of hidden damages in the future if they were discovered. It should also be noted that Employers did not demand a • release from the insured in the event the latter accepted the payment. The lower court has decided the insured is entitled to recover the amount of damages as reflected by the statement of Ruesch Body Works, and Employers does not question this portion of the judgment on appeal. However, it would be harsh and unfair to penalize the insurer for the privilege of litigating a claim where all the facts and circumstances show its actions were in good faith and reasonable.
Nelson also specified the lower court erred in refusing to compensate him for the loss of the use of his automobile from the date the repair of the car was completed by the repair shop on July 4, *661 1969, until the date of trial. This claim is predicated upon the theory Employers, as the collision insurer, was liable under a breach of contract. We find no merit in this contention. If Employers breached its contract with the insured in this case it would be for arbitrarily refusing to pay the claim. As we have already found Employers did not act arbitrarily, it necessarily follows the insured’s recovery is limited by the provision of the policy to the amount found necessary to repair the automobile. The policy provides:
“Limit of Liability. The limit of the company’s liability for loss shall not exceed the actual cash value of the property, or if the loss is of a part thereof the actual cash value of such part, at time of loss, nor what it would then cost to repair or replace the property or such part thereof with other of like kind and quality.”
Nelson sued for $39 for expenses for having his car towed to the repair shop. He complains on appeal the judgment below erroneously omitted this amount. Our review of the record convinces us the statement of Ruesch Body Works, which was the basis of the recovery in the trial court, included the towing charges. We' therefore find no merit in this specification of error.
Aetna answered the appeal seeking to have the judgment reduced, but as no argument is made in support of this answer we assume it was made as a precautionary measure because Aetna was a third party defendant. We find no error in that portion of the judgment affecting Aetna.
For the reasons assigned the consolidated judgment is amended and recast as to the parties to this appeal and, accordingly,
It is ordered, adjudged and decreed that there be judgment herein in favor of Thurman Nelson, individually, and against Employers Mutual Liability Insurance Company, in the amount of $2149.96 with 5% per annum interest from the date of judicial demand until paid, and all costs of these proceedings.
It is further ordered that there be judgment herein in favor of the third party plaintiff, Employers Mutual Liability Insurance Company, and against the third party defendants, Ray Hawkins, individually and as administrator of the estate of his minor daughter, Martha Hawkins, and Aetna Casualty and Surety Company, in solido, in the amount of $2149.96 with 5% per annum interest from the date of judicial demand until paid, and all costs of these proceedings.
. It is further ordered that this judgment shall not be interpreted to allow double recovery of the amount awarded for the damage to the automobile, i. e., the sum of $2149.96, by any of the parties to this suit or in the consolidated case of Nelson, et al. v. Hawkins, et al.