DECISION
This matter comes before the Court on defendant's Motion for Summary Judgment. Jurisdiction of this Court is pursuant to R.I. Super. R. Civ. P. 56.
 Facts/Travel
The plaintiffs were issued automobile insurance policies through defendant. Both plaintiffs submitted claims to defendant for property damage to their automobiles as a result of accidents. The plaintiff David R. Cazabat's ("Cazabat") accident occurred in Louisiana, and plaintiff Anthony Lema's ("Lema") accident occurred in Massachusetts. Lema does not allege that defendant failed to pay for the repairs to his automobile, or that the repairs were inadequate or defective. Cazabat does not allege that defendant failed to pay for the repairs to his automobile, but he does allege by way of affidavit that although the repairs were done to the best of human ability, there still remains numerous items "wrong in the appearance of the automobile. However, both plaintiffs made a claim against defendant to recover the diminished value of their automobiles for the alleged loss in value of the vehicles as a result of being in an accident.
 Standard of Review
Summary judgment is a drastic remedy that should be sparingly granted only when the pleadings, affidavits, and discovery materials demonstrate no genuine issue of material fact exists. Superior Boiler Works, Inc. v.R.J. Sanders, Inc., 711 A.2d 628, 631 (R.I. 1998) (citations omitted); R.I. Super. K Civ. P. 56(c). The trial justice should "draw all reasonable inferences in favor of the nonmoving party and must refrain from weighing the evidence or passing upon issues of credibility." 711 A.2d at 631. However, the nonmoving party has an affirmative duty to specifically set forth all facts demonstrating a genuine issue of material fact. Sisters of Mercy of Providence, Inc. v. Wilkie, 668 A.2d 650, 652 (R.I. 1996) (citation omitted). As such, the nonmoving may not rest upon "allegations or denials in the pleadings, mere conclusions, or mere legal opinions" to create a genuine issue of material fact. Rhode Island DEPCOv. Rignanese, 714 A.2d 1190, 1193 (R.I. 1998) (citations omitted). After reviewing the evidence in the light most favorable to the nonmoving party, the trial justice may grant a summary judgment motion if there are no genuine issues of material fact, and the moving party's claim warrants judgment as a matter of law. Accent Store Design, Inv. v. MarathonHouse, Inc., 674 A.2d 1223, 1225 (R.I. 1996) (citation omitted); RI. Super. K Civ. P. 56(c).
 Summary Judgment
"Public opinion is founded, to a great extent, on a property basis. What lessens the value of property is opposed, what enhances its value is favored." Abraham Lincoln, "Speech at Hartford, Connecticut," March 5, 1860.
The heart of the issue in this matter involves the interpretation of defendant's Straight Talk Automobile Insurance Policy — Section V, Physical Damage Coverage, Maximum Amount We Will Pay. Specifically, the dispute is whether or not "the cost of repair or replace the property with other of like kind and quality" as stated in the insurance policy creates a liability for defendant to pay an insured the diminished value of an automobile due solely to the fact that the vehicle was in an accident.[1] Although the parties have provided the Court with lengthy, detailed, and well-written briefs, the Court will summarize the parties' position in regards to the issue of defendant's Motion for Summary Judgment.
 Defendant's Argument
The defendant argues that both Louisiana and Rhode Island law requires enforcement of the clear, unambiguous language of the insurance policy. The defendant maintains that whether or not a contract is ambiguous is a question of law to be determined by the Court from the four corners of the document. Extrinsic or parol evidence is not admissible unless the Court determines that the contract is ambiguous. As words and phrases are to be given their plain, ordinary, and generally prevailing meaning, defendant contends that plaintiffs have not established an ambiguity in the insurance policy as to allow coverage for the diminished value of an automobile repaired after an accident.
The defendant asserts that the policies clearly and unambiguously do not cover inherent diminished value. The defendant is only required to repair the physical damage to plaintiffs' automobiles under Section V of the insurance policy. The defendant contends that inherent diminished value is not a claim for physical damage, and the language in Section V clearly distinguishes between cash value and repair costs. The defendant argues that a person who takes an automobile to be repaired after an accident does not contemplate receiving a payment for any loss in value. The plaintiffs have failed to point to any provision of their policies that provide coverage for inherent diminished value. The defendant maintains that the language contemplates repairing or replacing the property with other property of like kind and quality. No mention is made of repairing or replacing lost value if defendant exercises its right to pay for the cost of repairs to an automobile.
The defendant contends that differing interpretations of similar policy language at issue in this case by sister jurisdictions does not make the language ambiguous. The defendant argues that plaintiffs' reliance on extraneous evidence (letter to the State of New York Insurance Department requesting a revision in the terms of the New York policies; a proposed policy endorsement issued by defendant; a manual issued by defendant) to create an ambiguity is improper as the meaning and intent of the parties must be sought within the four corners of the policy. Additionally, defendant asserts that plaintiffs cannot reform the insurance policy under the reasonable expectations doctrine as the policies are not ambiguous. Lastly, plaintiffs cannot rely on their affidavits in the absence of a finding of an ambiguity in the insurance policy.
Although Rhode Island has yet to decide the issue sub judice, the defendant argues that Louisiana law recognizes the policy limitation on defendant's liability as clear, unambiguous, and effective. The Louisiana Court of Appeals interpreted language similar to that at issue in this matter to limit recovery to the amount necessary to repair the automobile. Nelson v. Employers Mut. Ins. Co., 244 So.2d 659, 660-61 (La. Ct. App. 1971). Other jurisdictions have held that the language in the insurance policies excludes coverage of diminished value. The defendant argues that the prevailing view in the United States interpreting the language similar to that in plaintiffs' insurance policies limits the insurers liability and excludes coverage of inherent diminished value.
The defendant argues that plaintiffs reliance on cases in Louisiana which allow recovery for diminished value involve third party tort claims, and not first party contract claims as in this case. The defendant does recognize that there are some situations where it will be responsible to a third party for a tort claim for diminished value. However, defendant maintains that plaintiffs are overlooking the critical distinction between first party contract claims and third party tort claims.
The defendant contends that plaintiffs cannot rely on the Declarations Page of the insurance policy to eviscerate the body of the policy. The plaintiffs ask the Court to rely on a single page of the policy and ignore the remaining twenty-five pages. The defendant maintains that the Declarations Page of the policy does not conflict with or contradict the rest of the insurance policy. Furthermore, a person who signs a written document is presumed to know the contents therein and cannot later claim he did not read or understand the document.
The defendant asserts that plaintiffs cannot establish a cause of action for unjust enrichment under either Louisiana or Rhode Island law. The defendant argues that there is an express contract between both plaintiffs and defendant. As such, the existence of an express or implied contract precludes the application of an unjust enrichment theory.
 Plaintiffs' Argument
The plaintiffs argue that the insurance policy language is ambiguous. The plaintiffs contend that an ambiguity exists when a provision in a contract is susceptible of more than one reasonable interpretation. A split in authority among various jurisdictions is an indicator that a document is ambiguous. The plaintiffs assert that defendant admitted the insurance policy is ambiguous as evidenced by its letter to the New York Insurance Commissioner to revise the definition of loss to exclude diminished value. As plaintiffs' insurance policies fail to define "loss" (plaintiffs claim the word is defined in the policy but not adequately as the definition is circular), "repair, " and "like kind and quality," and fail to specifically exclude loss in value coverage, the language at issue is ambiguous as it is susceptible to more than one reasonable interpretation.
The plaintiffs argue that the term "loss" should be given its plain and ordinary meaning, and that loss in value is embodied in that definition. As defendant did not define the term "repair" or set forth the standard upon which one undertakes to "repair or replace with like kind and quality, "a majority of jurisdictions have interpreted these items to require that the automobile be restored to the same condition in which it was immediately prior to the collision. The plaintiffs contend that they expected to be placed in the same condition as they were prior to the accident As such, plaintiffs assert that "like kind and quality" requires returning the automobile to its pre-loss condition, including any diminution in value of the automobile occurring as a result of the accident.
The plaintiffs argue that Louisiana law recognizes coverage for loss in value and specifically allows a party to claim and receive additional damages in the form of depreciation to compensate the party for the loss in value of the automobile by virtue of the fact that the vehicle was in an accident. The plaintiffs maintain that the cases cited by defendant which have interpreted "cost to repair or replace with like kind and quality" to exclude loss in value damages is a minority view. The majority view includes loss in value as part of the cost to repair. Additionally, various secondary sources recognize the right to collect diminished value compensation.
The plaintiffs assert that defendant's admission to paying third party diminished value claims is dispositive in this matter and inconsistent with its position that the insurance policies do not cover diminished value claims. The defendant's position is untenable in its statement that first parry diminished value claims are intangible and indirect while third party claims are not. As in the third party context, plaintiffs contend that an insured would also reasonably expect payment for diminished value from their insurer unless the coverage is specifically excluded. The insurance policies at issue in this matter do not specifically exclude diminished value claims.
The plaintiffs maintain that the Declaration Page controls. The plaintiffs assert that since the insured seldom reads the insurance policy, the Declaration Page is deemed to define coverage and the insured's expectation of coverage. The plaintiffs argue that the Declaration Page supports their position that the loss in value is to be restored when an insured's automobile is repaired.
 Conflict of Laws
The defendant argues that when a dispute involves the interpretation of a contract, the contract is to be interpreted according to the law of the place where the parties executed the contract. Accordingly, Louisiana law should apply to Cazabat's claim, and Rhode Island law should apply to Lema's claim. On the other hand, plaintiffs argue that Rhode Island law is applicable to this matter as defendant's home office is located in Rhode Island and most of the significant events occurred in Rhode Island.
A review of the policies indicates that the parties did not agree to a governing law in case of a dispute. In the absence of a governing law, a forum state is required to apply its own conflict-of-law rules. Gordonv. Clifford Metal Sales Co., Inc., 602 A.2d 535, 537 (R.I. 1992). The nature of the dispute between the patties is the interpretation of a contract. Id. ("[t]he forum state is also free to characterize the nature of the dispute"). A contract is to "be interpreted according to the law of the place where the parties, as an actual fact, made and executed the contract..." Owens v. Hagenbeck-Wallace Shows Co., 58 R.I. 162, 171,192 A. 158, 163 (1937). As such, Louisiana law is applicable to Cazabat's claim, and Rhode Island law is applicable to Lema's claim.
 Diminished Value
In Rhode Island, whether or not a contract is clear and unambiguous is a question of law, and the Court may consider all evidence properly before it in reaching its decision. Westinghouse Broadcasting Co., Inc.v. Dial Media, Inc., 122 R.I. 571, 579, 410 A.2d 986, 990-91 (1980) (citations omitted). The insurance policy must be viewed in its entirety and its language given its plain, ordinary, and usual meaning. Sjogrenv. Metropolitan Prop. and Casualty Ins. Co., 703 A.2d 608, 610 (R.I. 1997). However, a question of fact exists if an ambiguity becomes apparent in the construction of its terms. O'Connor v. McKanna,116 R.I. 627, 630-31, 359 A.2d 350, 353 (1976). The terms of the insurance policy are considered "ambiguous only when it is reasonably and clearly susceptible to more than one interpretation." Rotelli v.Catanzaro, 686 A.2d 91, 94 (R.I. 1996) (quoting W.P. Assoc. v. Forcier,637 A.2d 353, 356 (R.I. 1994)); Sjogren, 703 A.2d at 610. If more than one interpretation exists, the intent of the parties to an ambiguous contract is a question of fact. Westinghouse 122 R.I. at 579-80, 410 A.2d at 991 (citations omitted).
In Louisiana, whether or not a contract is ambiguous is also a question of law. Morin v. Foret, 736 So.2d 279, 283 (La. Ct. App. 1999). If the language within the contract is clear and unambiguous, the interpretation of the contract is limited to the four corners of the document. Id.
(citation omitted). The words of the policy reflect the parties' intent and determine the extent of coverage. Reynolds v. Select Properties,Ltd., 634 So.2d 1180, 1183 (La. 1994) (citations omitted). Unless the words within the policies have acquired a technical meaning, the Court is to interpret the words and phrases using their plain, ordinary, and generally prevailing meaning. Id. (citations omitted). Additionally, if "the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent." Morin 736 So.2d at 283 (quoting La. Civ. Code Art. 2046). As such, "[a]n insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion." Reynolds, 634 So.2d at 1183. However, a question of fact arises if the terms of the written contract are susceptible of more than one interpretation, or there is uncertainty or ambiguity as to its provisions, or the intent of the parties cannot be ascertained from the language employed. See Bossier Orthopaedic Clinicv. Durham, 747 So.2d 731, 735 (La. Ct. App. 1999).
Although Louisiana and Rhode Island apply the same standard in interpreting whether or not a contract is ambiguous, the great debate and disagreement among the parties and other jurisdictions is whether or not "the cost of repair or replace the property with other of like kind and quality" includes diminished value. Rhode Island has not yet addressed this issue. However, Louisiana has addressed the issue in some capacity as discussed infra. The defendant cites cases from the following jurisdictions in support of its position that the insurance policies do not include diminished value: Alabama; Arizona; California; Florida; Illinois; Kentucky; Massachusetts; Pennsylvania; South Dakota; and Virginia.[2] The plaintiffs cite cases from the following jurisdictions in support of their position that the insurance policies do include diminished value: Arkansas; Delaware; Georgia; Kansas; Mississippi; Missouri; New York; North Carolina; Oregon; South Carolina; South Dakota; Tennessee; and Texas.[3]
As to whether or not Louisiana recognizes diminished value, defendant relies upon Nelson v. Employers Mutual Insurance Co., 244 So.2d 659, 660-61 (La Ct. App. 1971), for the proposition that the interpretation of the policy language similar to that in the case at bar effectively limits defendant's liability. However, the issue in the Nelson case was whether or not an award for damages for attorneys' fees and the loss of use of the automobile while the vehicle was being repaired was correct since the insurance company refused to pay collision damage for an excessive estimate obtained by the insured. The case did not involve the issue of inherent diminished value. The defendant also relies upon South CentralBell Telephone Co. v. Barthelemy, 643 So.2d 1240. 1250 (La. 1994), in support of its position that "repair" does not include the cost of restoring an automobile's lost value as the word means "to restore by replacing a part or putting together what is torn or broken." However, the foregoing case involved "repair services" to computers and whether or not they were subject to sales and use tax.
The plaintiffs maintain that Louisiana clearly recognizes coverage for loss in value. All of the cases cited by plaintiff, except for one, involve third party tort claims as opposed to first party contract claims. Louisiana law clearly allows recovery for diminished value, if proven, in third party tort claims. However, the Louisiana Supreme Court and Court of Appeals have not addressed whether or not an insured may recover for diminished value damages from his/her own insurance company. The plaintiff provided this Court with Campbell v. Markel AmericanInsurance Co., No. 65,297 "D" (La., 23rd Judicial D.C., Feb. 25, 2000), in which the Louisiana court found that the word "repair" includes damages for diminished value, and granted plaintiffs' Cross Motion for Summary Judgment finding diminished value coverage for plaintiffs. In response, defendant cites two cases, Antin v. Garcia, No. 1-9907-0039, (La., Hammond City Court, Mar. 15, 2000) and Entremont v. AmericanCentral Insurance, Co., No. 463298 (La., East Baton Rouge Parish, Mar. 27, 2000), for the proposition that the foregoing courts found the policy language at issue in this matter to be unambiguous, and limited the insurer's liability to the cost of repairs, excluding diminished value. The Antin case is on appeal.
Even though defendant's interpretation of the contract as to whether or not diminished value is included as damages seems to be correct, defendant will not be entitled to summary judgment unless its interpretation is the only possible one. W.P. Assoc., 637 A.2d at 356. On the other hand, the trier of fact could reasonably adopt plaintiffs' version that an. insured expects to be put in the same position as he/she was prior to an accident which would include damages for the diminished value of the automobile. Otherwise, an insured would be less than whole after any repairs to the automobile since the value of an automobile decreases by virtue of the fact that the vehicle was in an accident in the first place. Looking to the insurance policies for guidance, the policies fail to define "repair," "cost of repair," or "like kind and quality," and fail to specifically include or exclude diminished value or loss in value.
Although not dispositive in this matter, the split of authority among the various jurisdictions in the United States, as indicated in endnotes 1 and 2, in interpreting whether or not the phrase "the cost of repair or replace the property with other of like kind and quality" includes diminished value, is an indication that the policy is ambiguous. SeeState v. Jordan, 528 A.2d 731 (R.I. 1987) ("(t]he fact that there is a split of authority in the interpretation of these statutes is some indication that the statutes, unless clarified by analysis of the state's statutory scheme, are ambiguous"); Delledonne v. State Farm Mut. Ins.Co., 621 A.2d 350, 352-53 (Del. Super. Ct. 1992) ("[i]t is the view of this Court that the susceptibility of the policy language ['of repair or replace . . . with like kind and quality' that is] in dispute in the instant case to two or more reasonable interpretations is evidenced in part by the development of two distinct lines of authority in the interpretation of similar policy language"). Furthermore, the Louisiana Supreme Court and the Court of Appeals have not addressed whether recovery for the diminished value of an automobile is applicable in a first party context, and there is a division in the lower courts as to whether the insurance policy language is ambiguous. Although it would not be a far leap for this Court to apply diminished value damages to first party contract claims since Louisiana allows them for third party tort claims, this Court is not willing to judicially rule on behalf of the State of Louisiana and must look to the contract first for an ambiguity in accordance with Louisiana law.
Applying both Rhode Island and Louisiana law, the Court finds that an ambiguity exists as to whether or not "the cost of repair or replace the property with other of like kind and quality" includes damages for the inherent diminished value of an automobile resulting from the vehicle being in an accident. The foregoing policy language is reasonably and clearly susceptible to more than one interpretation as indicated in this Court's analysis. Since the insurance policy terms are ambiguous, "and the pleadings, discovery materials, and affidavits indicate a dispute in respect to the parties' intent, there exists a genuine issue of material fact that must be resolved by the trier of fact." Rotelli, 686 A.2d at 95. Based upon the foregoing analysis, this Court denies defendant's Motion for Summary Judgment as to the issue of diminished value.
Turning to defendant's argument regarding plaintiffs' unjust enrichment claim. Under Louisiana law, Cazabat is unable to pursue a claim for unjust enrichment in light of the fact that there is a written contract in dispute in this matter. See Scott v. Wesley, 589 So.2d 26, 28 (La. Ct. App. 1991) (citing Morphy, Makofsky Masson, Inc. v. Canal Place2000, 538 So.2d 569 (La. 1989) ("the existence of claim on an express or implied contract precludes application of the unjust enrichment theory, because the potential claim constitutes a practical remedy at law available to the impoverishee"). In Rhode Island, unjust enrichment and quasi-contractual or implied contractual liability rests upon the "equitable principle that one shall not be permitted to enrich himself unjustly at the expense of another or to receive property or benefits without making compensation therefor." R B. Elect. Co., Inc. v. AmcoConstr. Co., Inc., 471 A.2d 1351, 1355 (R.I. 1984). However, where "an express contract between the parties referring to a subject matter, there can be no implied contract arising by implication of law governing that same subject matter." Mehan v. Gershkoff, 102 R.I. 404, 409, 230 A.2d 867, 870 (R.I. 1967). As such, Lema has a legal remedy pursuant to his contract with defendant and cannot avail himself of an equitable theory of recovery. See Mehan, 230 RI. at 409, 870 A.2d at 869-70. Therefore, defendant's Motion for Summary regarding the claims for unjust enrichment is granted.
[1] The exact language of the section of the insurance policy at issue is as follows: "MAXIMUM AMOUNT WE WILL PAY. Our payments will not exceed the lesser of: (a) the actual cash value of the property at the time of loss; or (b) the cost to repair or replace the property with other of like kind and quality. If the loss is only to a part of the property, our responsibility extends to that part only."
[2] Alabama — Although not addressing the issue of diminished value specifically, the court held that an insurance company is limited to liability for loss or damage to the property not to exceed "what it would cost to repair or replace the automobile or parts thereof with others of like kind and quality." Home Ins. Co of N.Y. v. Tumlin,2 So.2d 435, 437 (Ala. 1941), As a result, the insured is entitled to recover only the cost of such repairs or replacements. Id.
Arizona — In interpreting "repair or replace the property or part with like kind and quality," the court stated that "nowhere in the policy does there appear any language which requires State Farm either to restore the vehicle to its pre-accident condition or to pay the insured the difference in value after the accident as opposed to before." Johnsonv. State Farm Mut. Auto Ins. Co., 754 P.2d 330, 331 (Ariz. Ct. App. 1988). As such, State Farm's liability is limited by the terms of the policy, which is the cost to repair the vehicle less any deductible. Id.
California — The question in Ray v. Farmers Insurance Exchange,246 Cal.Rptr. 593 (Cal. Ct. App. 1988), was whether the collision policy provided coverage for diminution in the market value of the vehicle because of its status as a wrecked vehicle. The Ray court stated that to hold Farmers liable for diminution in value would make Farmers "an insurer of the automobile's cash value in virtually all cases and would render essentially meaningless its clear right to elect to repair rather than to pay the actual cash value of the vehicle at the time of loss."Id. at 596.
Florida — In Morrison v. Allstate Indemnity, No. 98-377-CIVJ-20C, 1999 WL 817660 (M.D. Fla. Sept 9, 1999), the court declined to interpret Florida law regarding diminished value in the absence of a clear dictate from any Florida court. The Morrison court was not convinced that Florida law automatically imposed diminished "sine coverage absent an explicit agreement. Id. at *2.
Illinois — The court in Haussler v. Indemnity Co. of America,227 Ill. App. 504, 509 (Ill. App. Ct. 1923), found that the jury instruction fixing the measure of damages at the difference between the fair cash value of the automobile immediately before the collision and the fair cash value of the same immediately after the collision to be clearly erroneous. The correct measure of damages under the policy was the cost of the suitable repair or replacement of the parts injured or destroyed. Id. The case did not specifically address the diminished value of an automobile.
Kentucky — An insured brought a lawsuit against her insurance company for recovery of diminution of value of her automobile. GeneralAccident Fire Life Assurance Corp. v. Judd, 400 S.W.2d 685 (Ky. 1966). The court found that although an automobile in an accident can never be fully restored to its market value prior to the accident, the insurance policy does not require a restoration of market value but only the restoration of its physical condition. Id. at 687.
Massachusetts — A Massachusetts Superior Court has addressed the issue of whether or not an insurance company is required to reimburse the insured for any loss market value due to the perception that an automobile involved in an accident is not worth as much. Roth v. AmicaMut. Ins. Co., No. 98-3551 (Mass. Dist. Ct. Sept 3, 1999). The relevant policy provision stated that "[i]n any event, we will never pay more than what it would cost to repair or replace the damaged property." Id. at 2. The court determined that the policy did not require the insurance company to pay the cost of repairs plus the diminution in market value due to the alleged stigma of the accident. Id.
Pennsylvania — A Pennsylvania District Court dismissed a class action lawsuit against Allstate for its failure to pay the diminished value of the automobile after a collision. Munoz v. Allstate Ins. Co.,
No. 9906-2855 (Pa. D. Nov. 15, 1999). The policy language included the statement that the insurer would pay the "cost to repair or replace the property or part with other of like kind and quality." Id. at 3. The court stated that it was unaware of any circumstances where an insurance company reimbursed the insured for diminished value. Id. at 4. Furthermore, the court held that such payment would not be the norm, and could not form the basis for a reasonable expectation by the public. Id.
South Dakota — If an automobile was not damaged to the extent that it is a total loss and repairs can place the automobile in substantially the same condition as it was prior to the accident, the measure of damages would be such sum necessary to place the automobile in substantially the same condition it was prior to the accident less any deductible. Stucker v. The Travelers Indem Co., 84 N.W.2d 566, 569 (S.D. 1957). The case did not specifically address the diminished value of an automobile.
Virginia — After a trial before a jury, the court entered summary judgment limiting plaintiffs recovery to the cost of repairs, storage, and towing, and would not allow the measure of damages to be calculated as the difference in market value of the automobile before and after the collison. Bickel v. Nationwide Mut. Ins. Co., 143 S.E.2d 903, 904 (Va. 1965). Otherwise, the application of damages as plaintiffs argue would effectively extinguish Nationwide's right to make repairs or replace the damaged part with materials of like kind and quality. Id. at 906.
[3] Arkansas — The issue in MFA Insurance Co. v. CitizensNational Bank of Hope, 545 S.W.2d 70 (Ark. 1977), was whether an automobile damaged by fire was repaired with parts of like kind, and quality would restore the automobile to its former condition where the policy provided the limits of liability to the "cost to repair or replace the property or such part thereof with other of like kind and quality, less depreciation." The trial court allowed damages for loss in market value as the automobile would not have the same market value it bad prior to the fire even with the repairs. Id. at 72.
Delaware — The court in Delledonne v. State Farm Mutual InsuranceCo., 621 A.2d 350, 352 (Del. Super. Ct. 1992), denied cross motions for summary judgment finding that "repair or replace . . . with like kind and quality" to be ambiguous and susceptible to two or more reasonable interpretations regarding loss in value. The Delledonne court determined that the majority of jurisdictions requiring the insurer to pay for diminution in value was the better view. Id. at 353.
Georgia — In Hartford Fire Insurance Co. v. Rowland,351 S.E.2d 650, 652 (Ga. Ct. App. 1986), the court interpreted the policy providing that the insurance company pay for the "cost of repairing the damaged or stolen property with other of like kind or quality." The meaning of repair included "restoration of the vehicle to substantially the same condition and value as existed before the damage occurred." Id.
(citation omitted). The court determined that the insurance company had the "option to pay for the loss in money, to repair the vehicle, or to replace it "with other property of like kind and quality, but the contract requires that no matter which alternative is chosen, the market value of the property plus (deductible) after payment must equal the market value before the loss." Id. (citations omitted).
Kansas — When an insurer repairs an automobile under the clause of the policy "to repair or replace the damaged or stolen property or part with other of like kind and quality less depreciation," the insurer is obligated to put the automobile in "substantially the same condition it was prior to the collision so as to render it as valuable and serviceable as before." Venable v. Import Volkswagen, Inc., 519 P.2d 667, 672 (Kan. 1974). The insured is entitled to be compensated for any deficiency in loss of actual value. Id. at 673. It should be noted that in this case, the repairs and workmanship were not performed satisfactorily.
Mississippi — Instructions given to a jury regarding a partial loss on an automobile should "submit as a basis of estimate the cost of all repairs necessary and adequate to restore the automobile to its former function and efficiency." Potomac Ins. Co. v. Wilkinson,57 So.2d 158, 160 (Miss. 1952). If a loss in actual market value front the dare of collision remains, the deficiency is added as a cost of the repairs. Id.
Missouri — "If defendant, permitted to undertake repairs, had fallen short of substantial restoration of function, appearance and value, plaintiff would not have been bereft of right or remedy but, upon proper showing, might have recovered damages in an amount equal to the difference between the reasonable market value of the insured automobile immediately prior to the upset and its reasonable market value when tendered to plaintiff after repairs." Williams v. Farm Bureau Mut. Ins.Co. of Mo. 299 S.W.2d 587, 590 (Mo. Ct. App. 1957).
New York — The plaintiff filed a lawsuit claiming diminution in: the value of her stolen automobile. Edwards v. Maryland MotorcarIns. Co., 197 N.Y.S. 460 (N.Y. App. Div. 1922). The policy contained language that the insurance company had the option to "repair, rebuild, or replace the property lost or damaged with other of like kind and quality." Id. The court found that "diminution in value is damage embraced within the clause of the policy insuring plaintiff 'against direct loss or damage' by the perils of 'theft, robbery or pilferage.'"Id at 461. The court want on to state that the liability is not severed by making the insurance company liable for actual cost of repairs or replacement. Id. The Court notes that this case allowed recovery for diminished value by finding coverage in another section of the insurance policy and not under any obligation. to repair the automobile with like kind and quality.
North Carolina — The North Carolina Supreme Court found that "where the insurer elects to repair the damaged automobile and represents, at least tacitly, that it will place the vehicle in the condition that it was in previously, the insured has no choice but to acquiesce, and the original contract of the parties is converted into a new one, under which the insurer is bound to repair the automobile and restore it to its former condition." Pierce v. American Fidelity FireIns. Co. 83 S.E.2d 493, 496 (N.C. 1954) (citations omitted). In this case, the automobile was nor properly repaired.
Oregon — If the policy limits liability of the insurance company to "what it would then cost to repair or replace the automobile, or parts thereof, with other of like kind and quality, "a complete restoration of the property has not occurred unless there has been no diminution of value after repair of the automobile. Dunmire Motor Co. v. Oregon Mut.Fire Ins. Co., 114 P.2d 1005, 1009 (Or. 1941) (citation omitted).
South Carolina — Interpreting the same policy language as in this case, the court could not find that "there has been a complete restoration of the property unless it can be said that there has been no diminution of value after repair of the car." Campbell v. Calvert FireIns. Co., 109 S.E.2d 572, 576 (S.C. 1959) (citation omitted).
South Dakota — "The words 'repair' and 'replace' used in a policy of insurance mean the restoration of the insured property to substantially the same condition in which it was immediately prior to the damage." Grubbs v. Foremost Ins. Co., 141 N.W.2d 777, 778 (S.D. 1966). The case did not specifically address the diminished value of an automobile.
Tennessee — Jury instructions regarding recovery of damages for an automobile after repairs from an accident should address that the automobile's function, appearance, and value should be substantially restored. Senter v. Tennessee Farmers Mut. Ins. Co., 702 S.W.2d 175, 178 (Tenn. Ct. App. 1985). If the repairs do not restore the fair market value of the automobile, the insured is entitled to recovery. Id. Thus, the measure of recovery of damages is the "difference in the fair market value of the property immediately before the accident and immediately after the accident assuming all repairs had been completed." Id.
Texas — The cost of restoring an automobile to substantially the same condition means a condition which made the vehicle equal in value to what was before the accident. Standard Accident Ins. Co. of Detroit v.Richmond, 297 S.W. 879, 880 (Tx. Ct. App. 1927). "Anything less than that would not be adequate compensation for the loss sustained." Id.