January 10, 2023

**Supreme Court**

No. 2021-129-Appeal.

(PC 15-1561)

Wild Horse Concepts, LLC, et al.    :

v.            :

Hasbro, Inc.           :

NOTICE:    This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 or Email opinionanalyst@courts.ri.gov  of  any  typographical  or other formal errors in order that corrections may be made before the opinion is published.

Wild Horse Concepts, LLC, et al.    :

v.           :

Hasbro, Inc.         :


Present:  Suttell, C.J., Goldberg, Lynch Prata, and Long, JJ.

### O P I N I O N

**Justice Lynch Prata, for the Court.**  This case came before the Supreme Court on October 27, 2022, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided.  The plaintiffs, Wild Horse Concepts, LLC,  Steven R. D'Aguanno, Alfred G. Vuono, and H. Kirk Bozigian (plaintiffs or Wild Horse), appeal from the Superior Court's entry of summary judgment in favor of the defendant, Hasbro, Inc. (defendant or Hasbro). After considering the parties' written and oral submissions and thoroughly reviewing the record, we are satisfied that cause has not been shown.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

### Facts and Travel

The plaintiffs are former Hasbro employees who now develop toy concepts, which they present to various toy companies for consideration.  According to

plaintiffs, "[s]uch presentations are a universally accepted practice in the toy business which are routinely utilized by both the inventors/concept developers and the manufacturers and marketers of toy products, including Defendant Hasbro, to conceive and develop new toy product lines for the market." Prior to plaintiffs' presentation of their MolecuLords concept to Hasbro, the parties executed an "Agreement to Hold Confidential" (Agreement) that governs the sharing of proprietary and confidential information between the parties for two years from the date of the disclosure of the information.[1] The Agreement states that Hasbro was prohibited from using any such proprietary information for commercial purposes during the prescribed timeframe.

MolecuLords, as referred to by plaintiffs, is an action figure concept and play pattern that incorporates interchangeability of parts between different species of action figures to create new figures. The plaintiffs presented this concept as a standalone product and "as a concept to be utilized to create a new pattern of play in conjunction with numerous existing product lines being manufactured and/or marketed by Hasbro." During the presentation, plaintiffs did not mention or refer to any licensing of the concepts. At the conclusion of the presentation, Hasbro asked that it be permitted to retain the materials utilized during the presentation for further

---

[1] According to plaintiffs, product development usually takes about two years from concept to marketing and sales.

evaluation. The plaintiffs agreed and provided the materials, which did not include anything in writing. Approximately two years later, Hasbro introduced its line of Marvel Super Hero Mashers and, shortly thereafter, Jurassic Mashers, Star Wars Mashers, and Transformers Mashers (Mashers). The Mashers product/concept is at the center of this dispute.

The plaintiffs profess that the changes incorporated by Hasbro to this preexisting product line are virtually identical to the MolecuLords concept presented by Wild Horse to Hasbro at the aforementioned presentation. Specifically, the complaint filed by plaintiffs alleges breach of an implied contract, fraud, theft of intellectual property, unjust enrichment, deliberate bad faith, and wanton, willful bordering on criminal conduct. After extensive discovery, Hasbro filed its motion for summary judgment.

The hearing justice granted the motion for summary judgment, making various findings in a written decision. First, the hearing justice found that the Rhode Island Uniform Trade Secrets Act (RIUTSA) bars the count of theft of intellectual property because Rhode Island law does not recognize common law misappropriation of trade secret claims, and plaintiffs failed to adequately allege that MolecuLords are a protected trade secret. Second, the RIUTSA bars the counts of fraud, theft of intellectual property, unjust enrichment, deliberate bad faith, and wanton, willful, and bordering on criminal conduct, which call for punitive damages,

- 3 -

because it "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret[,]" G.L. 1956 § 6-41-7(a), and because the purpose of the RIUTSA was to codify those tort claims. The hearing justice also granted the motion for summary judgment on the claim for breach of an implied contract in light of the fact that the Agreement was an express, written contract that governs the same subject matter as the alleged implied contract.

The hearing justice determined that each of the claims set forth by plaintiffs would fail even absent the RIUTSA. Specifically, the hearing justice found that the fraud count was barred because plaintiffs failed to show any false representation by defendant supporting such a claim. Next, he determined that the count of theft of intellectual property could not be sustained because the unique elements of the product were readily ascertainable in the toy market prior to the presentation by plaintiffs. Third, the hearing justice found that summary judgment was appropriate as to the unjust enrichment count because the Agreement was an express written contract that governed the presentation and, therefore, a claim in equity regarding the same subject matter could not apply as a matter of law. Finally, the hearing justice found that the counts of deliberate bad faith and wanton, willful bordering on criminal conduct calling for punitive damages were barred because punitive damages are a form of relief, not a substantive cause of action.

Thereafter, judgment entered for defendant and plaintiffs timely appealed.

**Standard of Review**

"This Court reviews a decision granting a party's motion for summary judgment *de novo*." *Citizens Bank, N.A. v. Palermo*, 247 A.3d 131, 133 (R.I. 2021) (quoting *Boudreau v. Automatic Temperature Controls, Inc.*, 212 A.3d 594, 598 (R.I. 2019)). We assess the matter "from the vantage point of the trial justice[,] * * * view[ing] the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm[.]" *Id.* (quoting *Boudreau*, 212 A.3d at 598). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that proves the existence of a disputed issue of material fact." *Id.* (quoting *Boudreau*, 212 A.3d at 598).

**Discussion**

On appeal, plaintiffs assert that the hearing justice erred in granting summary judgment in favor of Hasbro because genuine issues of material fact exist. The plaintiffs maintain that Hasbro's defense that the MolecuLords concept was known generally to the public turns on questions of fact, and that the concept does not consist solely of the interchangeability of parts. The plaintiffs further contend that Hasbro breached an implied contract because the Agreement did not cover all of the

conduct between the parties and the implied contract is not preempted by the RIUTSA.

Hasbro asserts that it is entitled to summary judgment on the counts of fraud, theft of intellectual property, unjust enrichment, deliberate bad faith, and wanton, willful, and bordering on criminal behavior, which call for punitive damages because the RIUTSA bars these claims. Hasbro argues on appeal that plaintiffs could not sustain their claims because they failed to provide the trial court with any documentation or proof that their concept was a trade secret, or that the concept was not generally known or readily available to the market. Hasbro contends that because the Agreement governed the submission and use of confidential information, plaintiffs' claim for breach of an implied contract must also fail.

Section 6-41-7 of the RIUTSA states:

> "(a) Except as provided in subsection (b) of this section, this chapter displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret.
>
> "(b) This chapter does not affect:
>
> "(1) Contractual remedies, whether or not based upon misappropriation of a trade secret;
>
> "(2) Other civil remedies that are not based upon misappropriation of a trade secret; or
>
> "(3) Criminal remedies, whether or not based upon misappropriation of a trade secret."

The plain and ordinary language of the statute undeniably displaces plaintiffs' common law claims of fraud, unjust enrichment, deliberate bad faith and wanton, willful bordering on criminal conduct. *See, e.g., State v. Marsich*, 10 A.3d 435, 440 (R.I. 2010) (brackets omitted) ("When the statute expresses a clear and unambiguous meaning, the task of interpretation is at an end and this Court will apply the plain and ordinary meaning of the words set forth in the statute.") (quoting *State v. Smith*, 766 A.2d 913, 924 (R.I. 2001)); *Webster v. Perrotta*, 774 A.2d 68, 75 (R.I. 2001) ("In matters of statutory interpretation our ultimate goal is to give effect to the purpose of the act as intended by the Legislature."). In an attempt to breathe life into their claims, plaintiffs argue that they have alleged theft of intellectual property, not a violation of the RIUTSA, thereby asserting a common law cause of action.[2] Notably, under the RIUTSA, a trade secret

> "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:
>
> "(i) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

---

[2] In their submissions, plaintiffs contend that New York law applies to the instant case and the RIUTSA does not apply because the Uniform Trade Secrets Act was not adopted by New York. The plaintiffs did not raise this issue before the Superior Court; therefore, it is waived. *See Ryan v. Roman Catholic Bishop of Providence*, 941 A.2d 174, 184-85 (R.I. 2008).

"(ii) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." Section 6-41-1(4).

The plaintiffs' complaint is focused on the contention that Hasbro improperly took their concept for MolecuLords and used it for profit. Although plaintiffs claim issues of fact exist, it is undisputed that in a deposition a member of Wild Horse admitted that MolecuLords is not a trade secret. "[T]here is no common law claim under Rhode Island law for misappropriation of trade secrets"; misappropriation of trade secrets "is only a statutory cause of action in Rhode Island." *Magnum Defense, Inc. v. Harbour Group Ltd.*, 248 F. Supp. 2d 64, 71 (D.R.I. 2003). The information plaintiffs allege was misappropriated clearly falls under the definition of trade secret. The plaintiffs cannot sidestep the RIUTSA by claiming the information they are seeking to protect is intellectual property and not a trade secret.

Finally, with respect to the plaintiffs' remaining claim for breach of implied contract, the law in Rhode Island is clear. When "there is an express contract between the parties referring to a subject matter, there can be no implied contract arising by implication of law governing the same subject matter." *Marshall Contractors, Inc. v. Brown University*, 692 A.2d 665, 669 n.3 (R.I. 1997) (quoting *Mehan v. Gershkoff*, 102 R.I. 404, 409, 230 A.2d 867, 869-70 (1967)). Paragraph two of the Agreement expressly states that "[a]ll information intended by the disclosing party to be protected under this Agreement shall be in writing and clearly identified in writing as confidential at the time of disclosure or within thirty (30)

- 8 -

days thereafter ***." Here, the only document regarding disclosures between the parties was the Agreement governing the presentation; no other information was specified. The proper method to hold information confidential pursuant to the Agreement was to specify such information; failing to do so does not open the door to a claim for breach of an implied contract. Therefore, this claim must fail as a matter of law.

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The papers in this case shall be returned to the Superior Court.

Justice Robinson did not participate.



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE

Licht Judicial Complex
250 Benefit Street
Providence, RI 02903

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Wild Horse Concepts, LLC, et al. v. Hasbro, Inc. |
| **Case Number** | No. 2021-129-Appeal.<br>(PC 15-1561) |
| **Date Opinion Filed** | January 10, 2023 |
| **Justices** | Suttell, C.J., Goldberg, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Erin Lynch Prata |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Brian P. Stern |
| **Attorney(s) on Appeal** | For Plaintiffs:<br><br>Thomas M. Dickinson, Esq.<br>For Defendant:<br><br>Leslie D. Parker, Esq. |

SU-CMS-02A (revised November 2022)